IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMIE A.,[1] | : | Case No. 3:20-cv-178 |
| Plaintiff, | : : | Magistrate Judge Caroline H. Gentry |
| vs. | : : | (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : : : : | |
| Defendant. | : | |

**DECISION AND ORDER**

**I.     INTRODUCTION**

Plaintiff filed an application for Supplemental Security Income in November 2015. Plaintiff's claims were denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

Statement of Errors (Doc. 9), the Commissioner's Memorandum in Opposition (Doc. 13), Plaintiff's Reply (Doc. 15) and the administrative record (Doc. 8).

## II. BACKGROUND

Plaintiff asserts that she has been under a disability since November 9, 2015. At that time, she was 36 years old. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. §§ 404.1563(c), 416.963(c).[2] Plaintiff has a "high school education and above." *See* 20 C.F.R. § 404.1564(b)(4).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 8-2, PageID 89-102), Plaintiff's Statement of Errors (Doc. 9), the Commissioner's Memorandum in Opposition (Doc. 13), and Plaintiff's Reply (Doc. 15). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III. STANDARD OF REVIEW

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which … has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

---

[2] The remaining citations will identify only the pertinent Disability Insurance Benefits Regulations, as they are similar in all relevant respects to the corresponding Supplemental Security Income Regulations.

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651

3

(6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## IV. THE ALJ'S DECISION

As noted previously, the ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

Step 1: Plaintiff has not engaged in substantial gainful activity since November 9, 2015, the alleged onset date.

Step 2: She has the following severe impairments: "adjustment disorder; unspecified depressive disorder; bipolar disorder; posttraumatic stress disorder (PTSD); panic disorder without agoraphobia; mild persistent asthma; and lumbar degenerative disc disease with radiculopathy."

Step 3: She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity (RFC), or the most she can do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of light work as defined in 20 CFR § 404.1567(b), subject to the following limitations: "[S]he can only frequently balance, stoop, kneel, crouch, and crawl. She must avoid concentrated exposure to extreme heat, cold and humidity. She must avoid concentrated exposure to fumes, odors, dusts, gases and poorly ventilated areas. She is limited to simple, routine, repetitive

4

> tasks that are not performed at a fast production rate pace or with strict production quotas. She can have occasional interaction with coworkers, but cannot perform tandem or shared tasks. She can occasionally interact with supervisors, but can have no over the shoulder supervision. She can have no interaction with the public in a customer service capacity. She can adapt to infrequent changes in the work setting that can be easily explained."
>
> She is unable to perform any of her past relevant work.

Step 5: Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform.

(Doc. 8-2, PageID 89-102.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at 102.)

## V. ANALYSIS

Plaintiff asserts that the ALJ reversibly erred "in her evaluation of the medical source opinions and medical evidence and failed to carry the Step Five burden." (Doc. 9, PageID 1367.) Plaintiff specifically takes issue with the ALJ's evaluation of the opinions of the State agency psychological consultants (*Id.* at 1373-74.) Agreeing with Plaintiff's assignment of error in this regard, the Court does not address Plaintiff's other alleged errors and, instead, instructs the ALJ to address all of them on remand.

### A. **Applicable Law**

Because Plaintiff's claim was filed before March 27, 2017, the opinion evidence rules set forth in 20 C.F.R. § 404.1527 apply. These regulations require ALJs to adhere to certain standards when weighing medical opinions. First, the ALJ is required to consider and evaluate every medical opinion in the record. *See* 20 C.F.R. § 404.1527(b), (c). Further, "greater deference is generally given to the opinions of treating physicians than

5

to those of non-treating physicians, commonly known as the treating physician rule." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (citations omitted). The regulations define a "treating source" as a claimant's "own acceptable medical source who provides…medical treatment or evaluation and who has…an ongoing treatment relationship" with a claimant. 20 C.F.R. § 404.1527(a)(1). The "treating physician" rule is straightforward: "Treating-source opinions must be given 'controlling weight' if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. § 404.1527(c)(2)); *see Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014).

If the treating physician's opinion is not controlling, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson v. Comm'r of Soc. Sec*, 378 F.3d 541, 544 (6th Cir. 2004)).

"Separate from the treating physician rule, but closely related, is the requirement that the ALJ 'always give good reasons' for the weight ascribed to a treating-source opinion." *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 552 (6th Cir. 2020) (citing 20 C.F.R. § 404.1527(c)(2); other citation omitted)); *see Wilson*, 378 F.3d at 544. This mandatory "good reasons" requirement is satisfied when the ALJ provides "specific

reasons for the weight placed on a treating source's medical opinions." (*Hargett*, 964 F.3d at 552) (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996))[3]. The goal is to make clear to any subsequent reviewer the weight given and the reasons for giving that weight. (*Id.*) Substantial evidence must support the reasons provided by the ALJ. (*Id.*)

As for medical opinions from sources that are not "treating sources" as defined in 20 C.F.R. § 404.1527(a)(1), the ALJ must consider the following factors set forth for the evaluation of medical opinions: examining relationship; treatment relationship; supportability; consistency; specialization; and other factors. 20 C.F.R. § 404.1527(c).

The Social Security regulations, rulings, and Sixth Circuit precedent charge the ALJ with the final responsibility for determining a claimant's RFC. *See, e.g.*, 20 C.F.R. § 404.1527(d)(2) (the final responsibility for deciding the RFC "is reserved to the Commissioner."). Moreover, the Social Security Act and agency regulations require an ALJ to determine a claimant's RFC based on the evidence as a whole. 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. § 404.1520(a)(4)(iv) ("the administrative law judge . . . is responsible for assessing your [RFC]"). The ALJ's RFC assessment must be "based on all of the relevant evidence in the case record, including information about the individual's symptoms and any 'medical source statements' -- i.e., opinions about what the individual can still do despite his or her impairment(s)-- submitted by an individual's treating source or other acceptable medical sources." *Id.* (footnote omitted).

    **B.**    **State Agency Psychological Consultants**

---

[3] SSR 96-2p has been rescinded. However, this rescission is effective only for claims filed on or after March 27, 2017. See SSR 96-2p, 2017 WL 3928298 at *1. Because Plaintiff filed his application for benefits prior to March 27, 2017, SSR 96-2p still applies in this case.

Plaintiff contends that the ALJ erred because she gave "significant weight" to the State agency psychological consultants' opinions but failed to adequately incorporate their findings. For the reasons discussed below, this argument is persuasive.

State agency psychological consultant Karla Voyten, Ph.D., reviewed the record at the initial level on June 27, 2016. (Doc. 8-3, PageID 170-75.) Dr. Voyten found "severe" impairments of an affective disorder and anxiety-related disorders. (*Id.* at PageID 170.) She found that Plaintiff experienced mild impairment in the "Paragraph B" area of activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace. (*Id.*) She found no episodes of decompensation. (*Id.*) With regard to the mental RFC assessment, Dr. Voyten opined that Plaintiff would have "periods of increased anxiety" and "may require extra support on the job during these times." (*Id.* at PageID 175.) Dr. Voyten also opined that Plaintiff could interact appropriately with a small group of coworkers but could not provide customer service to the general public and should not supervise or resolve conflict on the job. (*Id.*) She opined that Plaintiff would need to have changes explained in advance and implemented gradually, and that Plaintiff could travel in unfamiliar places with a coworker but only "via non-public transportation." (*Id.*)

Cynthia Waggoner, Psy.D., reviewed the updated record on February 28, 2017. (Doc. 8-3, PageID 198, 203-04.) Dr. Waggoner essentially affirmed Dr. Voyten's assessment, except that she did not identify any limitations regarding Plaintiff's ability to use non-public transportation. (*Id.*)

The ALJ summarized the consultants' opinions as follows:

8

> As for her mental impairments, the DDS psychological consultant at the initial level found the claimant had moderate difficulties in maintaining social functioning and in maintaining concentration, persistence, or pace, but was capable of working in an environment where changes were explained in advance and implemented gradually and where she only interacted with a small group of coworkers and did not provide customer service to the general public. (Ex. 1A). At reconsideration, the DDS psychological consultant came to the same conclusion. (Ex.3A).

(Doc. 8-2, PageID 99-100.)

The ALJ explained that she gave these opinions significant weight because the assessments are "consistent with the unremarkable mental status examinations and the consultative examiner's evaluation." (Doc. 8-2, PageID 100.) The ALJ also reasoned that the record contained no additional mental health treatment notes submitted after the reconsideration determination. (*Id.*)

Notably, however, the ALJ failed to mention in her summary the consultants' opinion that Plaintiff "may require extra support on the job during [periods of increased anxiety]." (Doc. 8-2, PageID 99-100.) No such limitation was included in the RFC. (*Id.* at 92.) The RFC contains only a limitation allowing for "infrequent changes in the work setting that can be easily explained," and the restrictions in the RFC otherwise restrict Plaintiff's interactions with coworkers (occasional interaction and no tandem or shared tasks) and supervisors (occasional interaction with no over-the-shoulder supervision). (*Id.*) No allowance was made for additional support during periods of increased anxiety. (*Id.*)

Defendant asserts that "affording an opinion significant weight does not require adopting an opinion *verbatim.*" (Doc. 13, PageID 1394, citing *Reeves v. Commissioner of*

9

*Social Security,* 618 F. App'x 267, 275 (6th Cir. 2015).) However, Defendant's argument is incomplete. This Court agrees with the *Reeves* court's statement that "even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale." 618 F. App'x 267, 275 (6th Cir. 2015). Indeed, as discussed above, the ALJ is charged with assessing a claimant's RFC based on the evidence as a whole. *See* 20 C.F.R. § 404.1520(a)(4)(iv).

However, although the ALJ is not required to *adopt* all of the limitations set forth in an opinion that is assigned great weight, this Court has consistently concluded that an ALJ is required to *explain* a decision not to adopt limitations in such an opinion. *See O'Ryan v. Comm'r of Soc. Sec.*, No. 3:14-CV-125, 2015 WL 6889607, at *4 (S.D. Ohio July 30, 2015), *report and recommendation adopted*, No. 3:14-CV-125, 2015 WL 4934190 (S.D. Ohio Aug. 18, 2015); *Howard v. Comm'r of Soc. Sec.*, No. 3:14-CV-364, 2015 WL 8213614, at *4 (S.D. Ohio Dec. 9, 2015), *report and recommendation adopted*, No. 3:14-CV-364, 2016 WL 99114 (S.D. Ohio Jan. 7, 2016) ( "[T]he ALJ must meaningfully explain why certain limitations are not included in the RFC determination —especially when such limitations are set forth in opinions the ALJ weighs favorably"); *see also* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ( "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted").

In sum, both State agency reviewing psychological consultants opined that Plaintiff "may require extra support on the job during [periods of increased anxiety]."

10

(Doc. 8-3, PageID 175.) The ALJ gave "significant weight" to the consultants' opinions, but she did not include any such limitation in Plaintiff's RFC and offered no explanation for the omission. (*See* Doc. 8-2, PageID 92-100.) The ALJ's failure to adopt the entirety of the State agency consultants' opinions, without explaining her reasons for omitting a limitation that they identified, constitutes an error of law warranting reversal.

## VI.    REMAND

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g.*, *Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming

11

or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Faucher*, 17 F.3d at 176. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ should evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's regulations and rulings and governing case law. The ALJ should evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for Disability Insurance Benefits should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. 9) is GRANTED.

2. The Court REVERSES the Commissioner's non-disability determination;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5. This case is terminated on the Court's docket.

                                                                              *s/Caroline H. Gentry*
                                                                              Caroline H. Gentry
                                                                              United States Magistrate Judge